**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>                **Plaintiff,**<br><br>        **vs.**<br><br>**TERRY MICHAEL SVEJDA, and CENTURION CAPITAL MANAGEMENT, INC.,**<br><br>                **Defendants.** | **8:21CV311**<br><br>**ORDER** |

This matter comes before the Court following a telephone conference held with counsel for the parties on August 1, 2022.  In accordance with the discussion held on the record,

**IT IS ORDERED:**

1.  Counsel have until **August 8, 2022**, to notify the undersigned magistrate judge whether any discovery disputes remain outstanding.

2.  Regarding Plaintiff's RFP 1 seeking all communications between Defendants and Doug Hays:
    a.  On or before **August 8, 2022**, Defendants may suggest to Plaintiff search terms to limit the number of responsive documents.  If counsel agree to search terms, Defendants shall produce responsive documents on or before **September 2, 2022**.
    b.  If counsel cannot agree on search terms, Defendants shall produce all non-privileged communications responsive to RFP 1 by **September 2, 2022**.  Plaintiff shall review Defendants' production and, on or before **October 14, 2022**, shall identify the documents it deems relevant to its claims.

3.  On or before **September 2, 2022**, Defendants shall produce all documents responsive to Plaintiff's RFP 8 seeking all communications between Defendants and Decadian customers relating to the Complaint.

4.  The deposition and summary judgment deadlines are stayed pending the completion of written discovery, and will be reset during the planning conference set on **October 14, 2022**.

Dated this 1st day of August, 2022.

                                                            BY THE COURT:

                                                            s/Michael D. Nelson
                                                            United States Magistrate Judge

Moving Party: ___Commodity Futures Trading Commission___

*Commodity Futures Trading Commission v. Centurion Capital Management, Inc. and Terry Michael Svejda*, No. 21-cv-00311-JMG-MDN

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers of the assigned magistrate judge.  The disputes concern Defendants' responses to Plaintiff's Second Set of Requests for Production of Documents (**attached as Exhibit 1**).

The moving party is: ___Plaintiff, Commodity Futures Trading Commission___

The responding party is: ___Defendants___

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **RFP No. 1:** "All communications between you and Doug Hays, who is identified as Senior Market Analyst for Decadian in CENTURION 000045, relating to Decadian." | Fraud in Connection with Commodity Futures Contracts (**Count 1**); Commodity Pool Fraud (**Count 2**) | Mr. Hays is identified in Decadian's corporate documents and in customer solicitations as the Senior Market Analyst for Decadian. Communications between Svejda and Hays that relate to Decadian are relevant to the claims at issue, a point that Defendants do not appear to contest. | The Request is overbroad, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case. The Request seeks all communications with an individual over a seven-year period, including communications that have nothing to do with the very narrow claims presented by the CFTC. The Request encompasses many thousands of emails, many, if not most or all of which have no bearing on the issues in dispute. | The CFTC has attempted to address Defendants' overbreadth objection by agreeing to limit this request to email communications where Mr. Hays appears in the To/From/CC/Bcc fields and which include the term "Decadian."  The CFTC further advised Defendants that it is willing to consider specific proposals to further narrow the search, but Defendants have not offered additional proposals, simply declining to produce documents. | The CFTC's proposed limitation is no limitation at all. Further, Defendants have not identified any need or relevance for the communications. Defendants proposed that if the CFTC were to identify a particular subject or subjects that it is seeking with respect to the communications with Mr. Hays, Defendants would be willing to further discuss the feasibility and burden of location | |

Moving Party:    Commodity Futures Trading Commission

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | | and producing said communications. The CFTC refused to identify any subjects for the communications. | |
| **RFP No. 8:** "All communications between you and any Decadian customers, relating to the Complaint filed in the present action." | All counts (**Counts 1-5**) | CFTC issued this request after learning that Mr. Svejda recently attempted to communicate with many of the 27 Decadian customers identified in the Complaint about the merits of the claims in this action, and possibly made additional misrepresentations about the funds at issue.  These communications with Decadian customers are clearly relevant to the claims and defenses at issue.  Moreover, there is no meaningful argument that producing a small number of communications with Decadian customers will unduly burden Defendants. | The request is unduly burdensome and not proportional to the needs of the case. At the onset of this proceeding, counsel collected email communications through that date and has produced approximately 20,000 pages of documents, nearly all of which have no bearing on the very narrow issues in dispute. To respond to this request, Defendants would have to rerun a collection of their emails and process them through counsel's software. The number of email communications is believed to be very small and Defendants dispute the relevance and proportionality of the request. | | Defendants collected and produced all text messages with the 27 investors through approximately June 2022. Additional documents and information about email communications can be sought through discovery of the investors, including through their depositions. Most communications with investors have been oral. | |

Counsel for Plaintiff:            /s/ Aimée Latimer-Zayets

Moving Party:   Commodity Futures Trading Commission

Counsel for Defendants:        /s/ Adam W. Barney

Date:  July 29, 2022.

4862-5479-8124, v. 1

3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CENTURION CAPITAL MANAGEMENT, INC. AND TERRY MICHAEL SVEJDA, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**Case No.
8:21-cv-00311-JMG-MDN**

## <u>PLAINTIFF'S SUMMARY OF PARTIES' DISCOVERY DISPUTE</u>

Plaintiff Commodity Futures Trading Commission ("CFTC") hereby submits this summary of the parties' discovery dispute, which is based upon Defendants' refusal to produce documents responsive to two of the CFTC's Second Set of Requests for Production of Documents.[1]  Both requests are narrowly tailored, proportional, and relevant to the claims and defenses in this case.

1. **Request No. 1: "All communications between you and Doug Hays, who is identified as Senior Market Analyst for Decadian in CENTURION 000045, relating to Decadian."**

Defendants have refused to produce communications with Doug Hays, arguing that this request seeks irrelevant information.[2]  However, documents produced by Defendants establish that Mr. Hays is a key witness in this matter.[3]  Decadian marketing materials identify Mr. Hays and Mr. Svejda as Decadian's two primary employees operating the Decadian business.  The same marketing materials state that Hays is a "senior market analyst and research analyst."[4]  Defendants sent such materials to actual and prospective commodity pool participants.[5]  Moreover, internal Decadian documents show Hays was a registered agent for one of the commodity pools identified in the same marketing materials, as well as the intended manager of the pool.[6]  The existence of these commodity pools is a key fact disputed by Defendants.[7]  Communications between Mr.

---

[1] *See* attached Exh. 1, Defs.' Resp. to Plaintiff's Second Set of Reqs. for Produc. of Docs.  In addition, with respect to Plaintiff's First Set of Interrogatories, Defendants have failed to submit a written response.  Therefore, once Defendants respond, the parties may have additional discovery disputes that require the Court's assistance.

[2] Defendants' relevance argument is undercut by their production of several communications with Mr. Hays.  *See, e.g.,* CENTURION 019574, attached as Exh. 2.

[3] The Commission did not learn of Mr. Hays' involvement in Decadian until after reviewing documents produced by Defendants, because Defendants did not identify Mr. Hays in their Rule 26 Initial Disclosures or Supplemental Disclosures.  *See* Exh. 3.

[4] *See, e.g.*, CENTURION 000025, attached as Exh. 4, at 10.

[5] *See, e.g., id.* at 1.

[6] *See* CENTURION 019326 and CENTURION 019536, attached as Exh. 5; Exh. 4 at 9.

[7] *See* March 8, 2022 correspondence from defense counsel, attached to ECF #34, at 1 ("Despite now knowing that Defendants explicitly told investors that their funds would be used for purposes other than operating a commodities pool, the CFTC has persisted in its misguided claims.")

1

Svejda and Mr. Hays relating to the Decadian business therefore are indisputably relevant to this litigation.

Significantly, the Court previously ordered Defendants to produce documents responsive to a similar document request. Request No. 7 of Plaintiff's First Set of Document Requests sought "[a]ll communications between you and Mark D. Svejda, and all documents sent to or received from Mark D. Svejda, relating to Centurion and/or Decadian." Like Hays, Mark Svejda was identified in the Decadian marketing materials as having "involvement in the Decadian business." [ECF #34] Accordingly, this Court overruled Defendants' relevance objections to this Request, and the District Court affirmed that ruling. [ECF #34, 44] For the same reasons, Defendants' relevance objections to Request No. 1 of Plaintiff's Second Set of Document Requests should also be overruled.

Defendants further assert that this request is overbroad and not proportional to the needs of the case. The CFTC attempted to resolve Defendants' proportionality concerns by agreeing to limit Request No.1 to email communications in which Mr. Hays appears in the To/From/CC/Bcc fields, and which also include the term "Decadian." Moreover, the CFTC encouraged Defendants to make additional proposals to further narrow the search, but Defendants did not provide any such proposals. Accordingly, Plaintiff requests that the Court overrule Defendants' proportionality objections, and order Defendants to produce documents responsive to Request No. 1.

## 2.  Request No. 8: "All communications between you and any Decadian customers, relating to the Complaint filed in the present action."

Plaintiff issued Request No. 8 after learning that Mr. Svejda recently attempted to communicate with at least some of the 27 Decadian customers identified in the Complaint about the merits of this action. The Commission is concerned that Svejda may have made additional misrepresentations to one or more of the Decadian customers. Defendants have produced text

messages responsive to this request, but have declined to produce responsive emails.

Defendants' production of text messages responsive to Request No. 8 reflects their acknowledgement that such communications are relevant to the claims and defenses at issue. Moreover, there can be no meaningful argument that producing a small number of emails, from a brief time period, will unduly burden Defendants. Accordingly, the Commission requests that the Court overrule Defendants' relevance and proportionality objections to Request No. 8, and order Defendants to produce responsive email communications with Decadian customers that relate to the Complaint in this action.

Dated:  July 29, 2022              Respectfully submitted,

                                  /s/ Aimée Latimer-Zayets
                                  Aimée Latimer-Zayets, DC Bar No. 476693
                                  Glenn I. Chernigoff, D.C. Bar No. 488500
                                  Sean P. Hennessy, DC Bar No. 1011564
                                  COMMODITY FUTURES TRADING COMMISSION
                                  1155 21st Street, N.W.
                                  Washington, D.C. 20581
                                  alatimer-zayets@cftc.gov
                                  gchernigoff@cftc.gov
                                  shennessy@cftc.gov
                                  (202) 418-7626 (direct) (Latimer-Zayets)
                                  (202) 418-5937 (facsimile)

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | Case No.: 8:21-cv-00311 |
| Plaintiff, | ) ) | |
| v. | ) ) | DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |
| CENTURION CAPITAL MANAGEMENT, INC. and TERRY MICHAEL SVEJDA, | ) ) ) ) | |
| Defendants. | ) ) | |

TO:   COMMODITY FUTURES TRADING COMMISSION, Plaintiff, by and through its attorneys of record

## GENERAL OBJECTIONS

Defendants object to each and every request for production on the grounds that they were not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The requests for production were served on May 5, 2022, meaning Defendants' responses to the requests would be due June 6, 2022, after the deadline for completion of discovery.

Defendants object to the instructions to the extent they are inconsistent with, or impose obligations beyond, the Federal Rules of Civil Procedure.

Defendants object to the Definitions on the grounds that they are unduly burdensome. For example, the term Decadian encompasses multiple, distinct business entities with different business and purposes, together with any and all persons that have ever been affiliated with those entities. Giving Decadian the

definition posed by the CFTC would make some of the requests illogical and would result in confusion.

## REQUESTS

**REQUEST NO. 1:** All communications between you and Doug Hays, who is identified as Senior Market Analyst for Decadian in CENTURION 000045, relating to Decadian.

**RESPONSE:** Defendants object to Request No. 1 on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case. Request No. 1 is not limited to the relevant issues of the dispute and seeks the production of all communications over a seven year period with an individual, including communications that have nothing to do with Decadian, the alleged fraud in this matter, or Defendants obligations to register. Defendants estimate this request encompasses many thousands of emails, many, if not most or all of which, have no bearing on the issues in dispute.

Defendants further reiterate their objection that this request was not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The requests were served on May 5, 2022, meaning Defendants' responses to the responses would be due June 6, 2022, after the deadline for completion of discovery.

**REQUEST NO. 2:** All communications between you and Debbie Gatzemeyer, who is identified as a bookkeeper for Centurion and Decadian in Defendants' Supplemental Rule 26 Disclosures, relating to Decadian or Centurion.

**RESPONSE:** Defendants object to Request No. 2 on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case. Request No. 2 is not limited to the relevant issues of the dispute and seeks the production of all communications over a seven year period with an individual, including communications that have nothing to do with Decadian, the alleged fraud in this matter, or Defendants obligations to register. Defendants estimate this request encompasses thousands of emails, many, if not most or all of which, have no bearing on the issues in dispute. Defendants further object to the extent this request seeks the production of any documents or communications that would be protected by the attorney-client privilege, work-product doctrine, or otherwise excludable from discovery as communications between an attorney and a consulting expert, or subject to any other applicable privilege.

Defendants further reiterate their objection that this request was not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The requests were served on May 5, 2022, meaning Defendants' responses to the responses would be due June 6, 2022, after the deadline for completion of discovery.

**REQUEST NO. 3:**   All communications between you and Alex Zorab relating to Decadian.

**RESPONSE:**        Defendants object to Request No. 3 on the grounds that it is seeks irrelevant information and is not proportional to the needs of this case. Alex Zorab and his relationship with Decadian/Centurion/Svejda have no relevance to this case other than an apparent misunderstanding with respect to Mr. Zorab led the CFTC to initially investigate Defendants for unrelated alleged wrongs which have not been alleged in this enforcement action.

Defendants further reiterate their objection that this request was not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The requests were served on May 5, 2022, meaning Defendants' responses to the responses would be due June 6, 2022, after the deadline for completion of discovery.

**REQUEST NO. 4:**   All documents relating to accounts you managed or traded for Alex Zorab, including but not limited to accounts at RJ O'Brien.

**RESPONSE:**        Defendants object to Request No. 4 on the grounds that it is seeks irrelevant information and is not proportional to the needs of this case. Alex Zorab and his relationship with Decadian/Centurion/Svejda have no relevance to this case other than an apparent misunderstanding with respect to Mr. Zorab led the CFTC to initially investigate Defendants for unrelated alleged wrongs which have not been alleged in this enforcement action.

Defendants further reiterate their objection that this request was not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The requests were served on May 5, 2022, meaning Defendants' responses to the responses would be due June 6, 2022, after the deadline for completion of discovery.

**REQUEST NO. 5:**  All documents and communications relating to in-person meetings, videoconferences, and/or teleconferences with Decadian customers, shareholders and/or investors, including but not limited to a meeting that occurred on approximately February 4, 2017.

**RESPONSE:**  Defendants reiterate their objection that this request was not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The requests were served on May 5, 2022, meaning Defendants' responses to the responses would be due June 6, 2022, after the deadline for completion of discovery.

**REQUEST NO. 6:**  All documents relating to the calculation of percentage stock ownership reported to Decadian customers, shareholders and/or investors on Internal Revenue Service Schedule K-1 (Form 1120s).

**RESPONSE:**  Defendants reiterate their objection that this request was not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The

requests were served on May 5, 2022, meaning Defendants' responses to the responses would be due June 6, 2022, after the deadline for completion of discovery.

**REQUEST NO. 7:**  All retainer or fee agreements between you and Mark D. Svejda relating to Decadian or Centurion.

**RESPONSE:**        Defendants reiterate their objection that this request was not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The requests were served on May 5, 2022, meaning Defendants' responses to the responses would be due June 6, 2022, after the deadline for completion of discovery.

**REQUEST NO. 8:**  All communications between you and any Decadian customers, relating to the Complaint filed in the present action.

**RESPONSE:**        Defendants reiterate their objection that this request was not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The requests were served on May 5, 2022, meaning Defendants' responses to the responses would be due June 6, 2022, after the deadline for completion of discovery.

**REQUEST NO. 9:**  All documents, from 2012 to present, relating to accounts you own or control, and which reference funds you received from the following Decadian customers: Steve Paschold, Burt Ligenfelter, Steve Nelson, Dan Niles, Mike Thys, and Gary Peregrine.

**RESPONSE:**  Defendants object to Request No. 9 on the grounds that it is overbroad, unduly burdensome, seeks irrelevant documents and is not proportional to the needs of this case in that it seeks documents outside the applicable statute of limitations.

Defendants further reiterate their objection that this request was not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The requests were served on May 5, 2022, meaning Defendants' responses to the responses would be due June 6, 2022, after the deadline for completion of discovery.

**REQUEST NO. 10:**  All documents referred to in your answers to Plaintiff's First Set of Interrogatories to Defendant Terry Michael Svejda.

**RESPONSE:**  Defendants reiterate their objection that this request was not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The requests were served on May 5, 2022, meaning Defendants' responses to the responses would be due June 6, 2022, after the deadline for completion of discovery.

**REQUEST NO. 11:** All documents that you relied upon to answer Plaintiff's First Set of Interrogatories to Defendant Terry Michael Svejda.

**RESPONSE:** Defendants reiterate their objection that this request was not served in the time period permitted by the amended case progression order, which required written discovery to be completed by May 31, 2022. The requests were served on May 5, 2022, meaning Defendants' responses to the responses would be due June 6, 2022, after the deadline for completion of discovery.

CENTURION CAPITAL MANAGEMENT, INC. and
TERRY MICHAEL SVEJDA, Defendants

By:    s/ Adam W. Barney
          Adam W. Barney #24521
             CLINE WILLIAMS
       WRIGHT JOHNSON & OLDFATHER, L.L.P.
       Sterling Ridge
       12910 Pierce Street, Suite 200
       Omaha, NE  68144
       Telephone:  (402) 397-1700
       Facsimile:  (402) 397-1806
       abarney@clinewilliams.com

## CERTIFICATE OF SERVICE

I, Adam W. Barney, hereby certify that on June 6, 2022, a copy of the foregoing document was emailed to counsel at the following email address(es):

Glen I. Chernigoff
U.S. CFTC
gchernigoff@cftc.gov

Aimee Latimer-Zayets
U.S. Commodity Futures Trading Commission
Alatimer-zayets@cftc.gov

Sean P. Hennessy
U.S. CFTC
shennessy@cftc.gov


 s/ Adam W. Barney

4862-8365-5198, v. 1

# EXHIBIT 2

**From:** "Decadian(               " <                        >
**Sent:** Sat, 09 May 2015 16:14:40 -0500
**To:** doug@            , Barb Hays <                   >, decadian@decadian.com
**Subject:** Indemnification and Hold Harmless Agrmt. 2-27-15
**Attachments:**
· Indemnification and Hold Harmless Agrmt. 2-27-15.doc *(80 kb)*

CONFIDENTIAL

CENTURION 019574

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | Civil Case No. 8:21-CV-00311 |
| Plaintiff, | ) ) | |
| v. | ) ) | DEFENDANTS' RULE 26 INITIAL DISCLOSURES |
| CENTURION CAPITAL MANAGEMENT, INC. and TERRY MICHAEL SVEJDA, | ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants Centurion

Capital Management, Inc. and Terry Michael Svejda, make their initial required

disclosures to Plaintiff Commodity Futures Trading Commission as follows:

A.      The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

| Name | Contact Information | Subjects |
|---|---|---|
| Terry Michael Svejda | May be contacted through counsel | • Communications with investors and potential investors in Decadian, LLC<br>• Purpose of Decadian LLC and business plans for future<br>• Creation of Decadian Wealth Fund I, LLC and submissions and registrations with respect to the same |
| Investors in Decadian LLC | Upon information and belief, the investors of Decadian LLC and their contact information have been previously disclosed to Plaintiff. Defendants are not certain which investors, if any, they may use to support its claims. Defendants will | • Disclosures made by Svejda with respect to investments in Decadian LLC |

| | supplement this disclosure as the case progresses. | |
|---|---|---|

B.    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Defendants identify the following categories of documents in their possession:

1.    Email correspondence soliciting investors and potential investors regarding investments in Decadian LLC.

2.    Operating Agreement of Decadian LLC.

3.    Financial records of Centurion and Decadian LLC.

4.    Operating Agreement and other governance documents for Decadian Wealth Fund I, LLC, including private offering memorandum.

5.    Submissions to and approvals by the NFA regarding Decadian Wealth Fund I, LLC.

C.    Rule 26(a)(1)(A)(iii) Disclosure.  A computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

N/A.

D.    Rule 26(a)(1)(A)(iv) Disclosure.  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None.

CENTURION CAPITAL MANAGEMENT, INC. and
TERRY MICHAEL SVEJDA, Defendants

By:   s/ Adam W. Barney
      Adam W. Barney #24521
          CLINE WILLIAMS
      WRIGHT JOHNSON & OLDFATHER, L.L.P.
      Sterling Ridge
      12910 Pierce Street, Suite 200
      Omaha, NE  68144
      Telephone:  (402) 397-1700
      Facsimile:  (402) 397-1806
      abarney@clinewilliams.com

## CERTIFICATE OF SERVICE

I, Adam W. Barney, hereby certify that on November 15, 2021, I served the
foregoing document on the following individuals by electronic mail:

Glen I. Chernigoff
U.S. CFTC
gchernigoff@cftc.gov

Aimee Latimer-Zayets
U.S. Commodity Futures Trading Commission
Alatimer-zayets@cftc.gov

      s/ Adam W. Barney

4884-4986-0099, v. 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | Civil Case No. 8:21-CV-00311 |
| Plaintiff, | ) ) | |
| v. | ) ) | DEFENDANTS' SUPPLEMENTAL RULE 26 INITIAL DISCLOSURES |
| CENTURION CAPITAL MANAGEMENT, INC. and TERRY MICHAEL SVEJDA, | ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants Centurion Capital Management, Inc. and Terry Michael Svejda, supplement their initial disclosures to Plaintiff Commodity Futures Trading Commission as follows:

A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defentses, unless the use would be solely for impeachment:

| Name | Contact Information | Subjects |
|---|---|---|
| Terry Michael Svejda | May be contacted through counsel | • Communications with investors and potential investors in Decadian, LLC<br>• Purpose of Decadian LLC and business plans for future<br>• Creation of Decadian Wealth Fund I, LLC and submissions and registrations with respect to the same |
| Investors in Decadian LLC | See attached **Exhibit A** which discloses the names and contact information for investors in Decadian LLC | • Disclosures made by Svejda with respect to investments in Decadian LLC |
| Debbie Gatzemeyer | May be contacted through counsel | • Bookkeeping for Centurion and Decadian |

B.      A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Defendants identify the following categories of documents in their possession, all of which are located at the home of Defendant Svejda and/or in possession of counsel for Defendants at their offices:

1.      Email correspondence soliciting investors and potential investors regarding investments in Decadian LLC.

2.      Operating Agreement of Decadian LLC.

3.      Financial records of Centurion and Decadian LLC.

4.      Operating Agreement and other governance documents for Decadian Wealth Fund I, LLC, including private offering memorandum.

5.      Submissions to and approvals by the NFA regarding Decadian Wealth Fund I, LLC.

C.      Rule 26(a)(1)(A)(iii) Disclosure.  A computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

N/A.

D.      Rule 26(a)(1)(A)(iv) Disclosure.  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None.

CENTURION CAPITAL MANAGEMENT, INC. and
TERRY MICHAEL SVEJDA, Defendants


By:  s/ Adam W. Barney
Adam W. Barney #24521
CLINE WILLIAMS
WRIGHT JOHNSON & OLDFATHER, L.L.P.
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, NE  68144
Telephone:  (402) 397-1700
Facsimile:  (402) 397-1806
abarney@clinewilliams.com


**CERTIFICATE OF SERVICE**

I, Adam W. Barney, hereby certify that on January 26, 2022, I served the foregoing document on the following individuals by electronic mail:

Glen I. Chernigoff
U.S. CFTC
gchernigoff@cftc.gov

Aimee Latimer-Zayets
U.S. Commodity Futures Trading Commission
Alatimer-zayets@cftc.gov


 s/ Adam W. Barney

EXHIBIT 4

**From:** "Agmasters███████████████████████████
**Sent:** Wed, 15 Jul 2015 21:44:24 +0000
**To:** ████████████████████
**Subject:** Decadian - Executive Summary 05 2015 (1)
**Attachments:**
· Decadian - Executive Summary 05.2015 (2).doc *(193 kb)*
· Decadian - Executive Summary 05 2015 (1).doc *(201 kb)*

Hi █████

Thanks for your time today, ██████.

We are now ready to move Decadian forward, creating an entirely new paradigm within the world of investments.

I did call legal and reviewed all we had discussed.  What is detailed therein is the result of those discussions.

I look forward to your thoughts and questions concerning the attachments herein and the ones to follow in the next email.

Best regards,


Terry

████████ – Direct

████████ – Office


Terry Svejda

Chief Executive Officer

Decadian, LLC | ██████████████████Omaha | NE ████USA


Connect with us:

CONFIDENTIAL



DISCLAIMER: This e-mail and attachments are confidential and are intended solely for the use of the individual to whom it is addressed. Any views or opinions presented are solely those of the author and do not necessarily represent those of Decadian, LLC. If you are not the intended recipient, be advised that you have received this Email in error and that any use, dissemination, forwarding, printing, or copying of this Email is strictly prohibited. If this transmission is received in error please notify the sender immediately and delete this message from your E-mail system. All electronic transmissions to and from Decadian, LLC are recorded and may be monitored.

CENTURION 000026
CONFIDENTIAL



info@decadian.com
888-553-5540

# Decadian
## Executive Summary

### Decadian: The Currency of Trust

**Putting the Investor First:**

All are familiar with the "normal" areas of investments; stocks, bonds, 401k's, IRA's, commodities, derivatives, etc.  The majority of investors participate in these investments through institutional channels.  The institution earns its profits through its fees, the broker earns their profit through their fees, and if there is anything left over, the investor gets a credit to his account.   If you were to visit with any "average Joe", you'll find most are quite dissatisfied with the results achieved through their investment efforts.  They see the transfer of wealth.   It's not to them, but from them, to those who are "here to help".  Decadian puts the investor first!  Let us explain how.

### Decadian Methodology

The Decadian Methodology offers investors up to four (4) or more long term investment recommendations per year on seasonal lows, long term lows or historic lows in high leveraged investments (HLI)/commodities.

Decadian's ability to achieve above market rates of return stems from the use of a simple strategy that few ever contemplate to apply to HLI.  Most all of Decadian's investment recommendations will be tendered when that commodity is priced at or near its seasonal low, a long term low, a historical low, or possibly when Funds hold a record short position in that commodity.  This approach is just one of the ways Decadian manages risk, as the least risk in a HLI is when price is within the lower ten percent (10%) of its seasonal trading range; which is also when volatility is at its lowest.  ***(The greatest risk is when price is within the top ten percent (10%) of its seasonal trading range; which is also when volatility is at its greatest.)***

In depth knowledge of a commodity's seasonal price movement is part of Decadian's Methodology of locking in high returns, as well as managing risk.  Food commodities generally rally thirty percent (30%) per year, low to high.  HLI offer a leverage factor of 15:1; some more, some less.  Taking just one third (1/3) of that commodity's seasonal gain off the table, or a ten percent (10%) increase in that commodities value - times a leverage factor of fifteen (15) - generates a ROI of one hundred fifty percent (150%).

CENTURION 000027
CONFIDENTIAL



info@decadian.com
888-553-5540

**1**

Using just 10% of the total dollars in a Decadian Fund for any one investment while achieving these results, earns that Decadian Fund a 15% return on all the dollars held in that fund. Using just ten percent (10%) of Decadian's available capital per each investment recommendation would allow Decadian the ability to hold 3 investments in one or more commodities at any one time. Three (3) successful investments per year where Decadian would take profits immediately after the asset purchased increased in value just ten (10%), would generate a forty five percent (45%) annualized return on all dollars held in that Decadian Fund.

Sound money management is the number one (#1) key to success in mitigating any risks involved with HLI. Sufficient capital must be maintained to support any margin needs should an investment move against you. Decadian manages this potential risk by never investing more than thirty percent (30%) of its available capital at any one time; always maintaining a base capital reserve of seventy percent (70%).

Decadian's long term investment methodology moves investors away from the institutionally driven "trading" concept that focuses on generating fees for themselves and their brokers. **This truth** is directly addressed in one of Mr. Buffett's favorite books by John Bogle, who wrote this zinger: ***"Most advisors, however, are far better at generating high fees than they are at generating high returns. It truth, their core competence is salesmanship."***

The paradigm offered with the Decadian Methodology places the investor's interests of high returns and high profits ahead of any management fees. Because our core competency is in high leveraged investments (HLI), Decadian also offers two (2) performance guarantees on its investment recommendations, something that no other firms would even consider offering.

## Enter Decadian; offering the Individual Investor two options:

- Option 1:
    - Memberships (for those capable of directly managing their investments)
        - Decadian Wealth Report
        - Access to Decadian educational information
        - Investment Recommendations

CENTURION 000028
CONFIDENTIAL

**DECADIAN**
*the currency of trust*

**2**

- Members receive up to 4 or more investment recommendations per year via text and backed up by email notices
- They are advised as to what to buy, when to buy, how to manage the investment and when to take profits

- Guarantees on Decadian Performance
  - **Guarantee Number 1** suspends their annual membership renewal fee until such time as the Member can generate a profit that exceeds the first year's membership fee of $4950.00
  - **Guarantee Number 2** states that the Member shall receive at least one investment recommendation during his first two years of membership that will generate a return equal to or greater than the initial cost of that investment; a 100% return

- Option 2:
  - LLC Investment Vehicles
    - The investor purchases stock in an LLC
    - Utilizing the same information Decadian provides its Members, the Manager of the LLC will make those investments on behalf of the LLC.
    - Under Decadian's investment structure of 10/10/50/50, the stockholders receive a 10% Preferred Return.
      - Preferred Return means the first 10% of profits are credited directly to the stockholders
    - The second 10% is earned to management, with any amounts exceeding 20% divided equally between stockholders and management
    - Decadian is currently establishing 3 LLC's
      - One each in the states of Arizona, Iowa and Nebraska; private offering limited to residents of those states.
      - $400,000.00 maximum investment per LLC

**3**

CENTURION 000029
CONFIDENTIAL



info@decadian.com
888-553-5540

## The Business of Decadian:

## Decadian Income Streams:
- Line # 1:
  - o Memberships:
    - ▪ $4,950.00 per year subscription fee
    - ▪ Anticipated to be 70% of revenue
      - • Don Prewitt, from Orlando, Florida, asked his son Scott, owner of Automated Entities, reviewed Decadian. http://automatedentities.com/
      - • Scott calculated that by spending $10,000 per month on advertising
        - o In a span of 5 years a Membership base of over 10,000 could be achieved
        - o Annual revenue stream of over $50,000,000.00

Footnote: Scottrade, E-trade & Ameritrade have approximately 300,000 members

- Line #2:
  - o LLC's
    - ▪ *State LLC's finalized and funded no later than September 01 of 2015
      - • $1,200,000.00 total investments in three (3) LLC'S
    - ▪ Will generate a 10% return no later than March 01 of 2016
      - • Projected profit to Decadian from these LLC's operating under 10/10/50/50 will be no less than $120,000.00 by March 01, 2016
    - ▪ Commensurate to State LLC formation, Mark Svejda, Attorney at Law in Scottsdale, AZ., will be securing his CTA (Commodity Trading Advisor) and a CPO (Commodity Pool Operator) licensing
      - • Once secured, the cap restriction of $400,000.00 is removed from State LLC's
      - • They will then be merged into one (1) LLC to simplify management
      - • Decadian will work to grow this new LLC to a minimum of $100,000,000.00 no later than 2018
      - • Decadian projects a minimum annual return to Decadian from this income stream of $10,000,000.00.

**4**

CENTURION 000030
CONFIDENTIAL



info@decadian.com
888-553-5540

**\*** To establish Decadian's credibility to institutional investors per the ability to generate a minimum return of 10%.  (Past results not applicable to institutional verification needs.)

Footnote:  See attached letter from Mr. Robert Slonim.


## What is offered and What is requested:

Current Valuation of Decadian and Anticipated Return on Investment (ROI):

- $10,000,000.00 Valuation
- Projected Annual Revenue in year five (5) exceeds $70,000,000.00
- Anticipated first ROI received by the end of year two (2)
- Up to 100% ROI  earned by the end of year three (3)
- Exceeding 200%, potential up to 500% ROI earned by the end of year five (5)

Decadian Investment Opportunity:
- Offering 20% ownership in company
- $2,000,000.00 capital raise
- Prefer purchases in 1% increments of $100,000.00.
- Minimum purchase is 5 shares/$25,000.00
- Each stockholder who retains a minimum of 5 shares of stock, secures an Executive Level Membership that holds an annual reoccurring value of $4950.00.

Uses of Funds:
- Building Membership Base via Multiple Marketing and Advertising Venues
- Staffing and Legal Expenditures


**5**

CENTURION 000031
CONFIDENTIAL



info@decadian.com
888-553-5540

# Decadian
# Executive Summary

## Decadian: The Currency of Trust

**Putting the Investor First:**  All are familiar with the "normal" areas of investments; stocks, bonds, 401k's, IRA's, commodities, derivatives, etc.   The majority of investors participate in these investments through institutional channels.  The institution earns its profits through its fees, the broker earns their profit through their fees, and if there is anything left over, the investor gets a credit to his account.   If you were to visit with any average Joe, you'll find most are quite dissatisfied with the results achieved through their investment efforts.  They see the transfer of wealth.   It's not to them, but from them, to those who are here to help.

## OUR OFFER TO YOU:

Decadian is offering up to 20% ownership interest in Decadian in increments of $100,000.00; lower amounts considered on an individual basis.  Interested parties can acquire ownership on the "ground floor" of this very unique and perfectly positioned company that offers long investment opportunities in high leveraged investments (HLI).

## STRATEGIC PLAN:

To create a "safe haven" where individuals can confidently place their funds and generate returns up to and exceeding 10% ROI.

## TARGET CLIENTS:

Investors, speculators, traders and as a general block, consumers who have investment dollars in stocks, bonds, IRA's, 401k's, RIETS, etc.

## USE OF FUNDS:

- Building Membership Base Via Multiple Marketing and Advertising Venues
- Staffing and Legal Expenditures

888-553-5540   |   www.decadian.com

CENTURION 000032
CONFIDENTIAL



info@decadian.com
888-553-5540

**1**

## MODES OF INCOME:

### Memberships:

- $4,950.00 per year subscription fee
- Anticipated to be 70% of revenue
- In a span of 5 years a Membership base of over 10,000 could be achieved
- Annual revenue stream by end of year 5 of over $50,000,000.00
  *** *Footnote: Scottrade, E-trade & Ameritrade have approximately 300,000 members*

### Individual State LLC's

- 3 State LLC's funded and operating no later than September 01, 2015
- $1,200,000.00 total investments in three (3) LLC'S
- Will generate a 20% return no later than March 01 of 2016
- Projected profit to Decadian operating under 10/10/50/50 to be no less than $120,000.00 by March 01, 2016
- These LLC's to grow too a minimum of $100,000,000.00 no later than 2018
- Minimum annual return to Decadian from this income stream projected to be no less than $10,000,000.00 per year by the end of 2018
  ***Footnote:  See attached letter from Mr. Robert Slonim.*

### Institutionally Funded, LLC

- By generating a minimum of 10% ROI from the State LLC's, institutional funding comes in establishing a minimum investment fund of $100,000,000.00
- Minimum annual return to Decadian from this income stream projected to be no less than $10,000,000.00 per year by the end of 2017.

### Membership Guarantees on Decadian Performance

- **Guarantee #1** suspends their annual membership renewal fee until such time as the Member can generate a profit that exceeds the first year's membership fee of $4950.00
- **Guarantee #2** states that the Member shall receive at least one investment recommendation during his first two years of membership that will generate a return equal to or greater than the initial cost of that investment; a 100% return

**2**

888-553-5540   |   www.decadian.com

CENTURION 000033
CONFIDENTIAL



info@decadian.com
888-553-5540

## What is Offered:

**Projected Return on Investment (ROI):**
- Projected Annual Revenue in year five (5) exceeds $70,000,000.00
- Anticipated 1st ROI received on stock ownership by the end of year 2
- Up to 100% ROI earned on stock ownership by the end of year 3
- Exceeding 200%, potential up to 500% ROI earned by the end of year five 5

## CEO TERRY SVEJDA'S BIOGRAPHY:

- Founder and CEO of Ag Masters Marketing Group, LLC
- Highly driven entrepreneur with 40 years' experience in grain merchandising with the likes of ConAgra, Cargill, Bunge; along with grain trading, basis trading, basis strategies, futures trading, long term investment strategies and long term weather and price forecasting/modeling.
- Merchant Developer for 1 billion gallon, 10-plant, $3 billion ethanol project.
- Past registration as certified commodity advisor (CTA) with the National Futures Association (NFA) through the CFTC

## SENIOR MARKET ANALYST DOUG HAYS' BIOGRAPHY:

- Senior Market and Research Analyst for Ag Masters Marketing Group, LLC.
- Senior Market and Research Analyst for Decadian, LLC
- Founder Hays Management Services, specializing in pork management, production, development and consulting.
- Independent Sales Rep with Genesus Genetics serving all customer service aspects of operations as required by Client.
- Lead business developer and sales manager for Prescription Tillage Technology, LLC

**3**

CENTURION 000034
CONFIDENTIAL

# EXHIBIT 5

## CERTIFICATE OF ORGANIZATION
## OF
## IOWA OPPORTUNITY FUND, LLC

The undersigned has this date elected to form a limited liability company under the laws of the State of Iowa and for the purposes set forth herein do hereby submit the following Certificate of Organization.

1.     **NAME**.   The name of the limited liability company is and shall be IOWA OPPORTUNITY FUND, LLC.

2.     **INITIAL REGISTERED OFFICE.**   The street address of the initial registered office and principal place of business of the limited liability company is and shall be ██████████ ████████ Iowa ██████

3.     **REGISTERED AGENT.**   The name and address of the initial statutory agent of the limited liability company for purposes of service of process is:

Doug Hays
████████████████████
████████ Iowa ████████

4.     **DURATION.**   The limited liability company's existence is perpetual.

DATED this 28th day of May, 2015.

**IOWA OPPORTUNITY FUND, LLC**

By: 

Doug Hays
Its: Organizer

1

CONFIDENTIAL
CENTURION 019326

**From:** CSMG <​⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛>
**Sent:** Wed, 18 Feb 2015 17:49:07 +0000
**To:** Mark Svejda ⬛⬛⬛⬛⬛⬛⬛⬛; doug(⬛⬛⬛⬛⬛⬛⬛ Barb Hays
⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
**CC:** ⬛⬛⬛⬛⬛⬛⬛⬛
**Subject:** FW: Iowa Opportunity FUnd
**Attachments:**
· Subscription Agreement for Membership Interests 2-17-15.doc *(78 kb)*
· Iowa Oppty Fund Operating Agreement 021815.doc *(187 kb)*

Mark and Doug:

Sending this to Doug to review.

As far as compensation goes to Doug, it would be 10% of the profits earned by Decadian, with an option to increase that amount at any time based on performance of the Fund.

Profit division to investors will be as discussed: 10/10/50/50. Also, a paragraph needs to be added for paying accounting, legal, etc., in this set up. I am assuming that comes out of the dollars raised??? So if shares are sold that total $390,000.00 and legal and accounting came to $8,000.00, then we would have a starting amount $382,000.00 ??

Jim, all this will be getting done for a NE, LLC. Mark, it seems we will be able to fund the NE LLC faster due to the fact we have 3 people who have contacts in NE to get this done. I don't have a handle on how long it might take to fund the AZ fund.

Jim, and is there another state you would have as a second state you would want a LLC formed in? CA or FL or CO? Where ever you have the second highest number of contacts???

MO would be a secondary state as Stephannie would not be "working" with any of her contacts there until May at the earliest.

Terry

**From:** Mark Svejda [mailto:mark@███████████.com]
**Sent:** Wednesday, February 18, 2015 10:43 AM
**To:** 'Terry Svejda'
**Subject:** Iowa Opportunity FUnd

Here is the revised Operating Agreement and Subscription Agreement.

I would set up an LLC for Doug as the Manager called Hays Management, LLC.

Once you tell me what Doug's compensation is for doing this we can prepare an Agreement between Decadian and Iowa Oppty Fund.

Iowa Oppty Fund will pay Decadian part of the profit earned by the Fund.

This will come out of the profit earned the manager, Hays Management, LLC.

The investors will always get their 10% first.

These docs need another review.

I will start on the Disclosure Document today.

The U-7.

Mark

CONFIDENTIAL

CENTURION 019537

CLINE WILLIAMS
WRIGHT JOHNSON & OLDFATHER, L.L.P.
ATTORNEYS AT LAW
ESTABLISHED 1857

ADAM W. BARNEY
abarney@clinewilliams.com

STERLING RIDGE
12910 PIERCE STREET, SUITE 200
OMAHA, NEBRASKA 68144-1105
www.clinewilliams.com

(402) 397-1700
FAX (402) 397-1806

July 29, 2022

Magistrate Judge Michael D. Nelson
nelson@ned.uscourts.gov

      Re:   <u>CFTC v. Centurion Capital Management, Inc.</u>
           Case No. 8:21-cv-00311-JMG-MDN

Your Honor,

      Thank you for your time on this matter. This telephonic conference is a follow up to the parties' prior conference. Since that time, the parties have further met and conferred and have been able to resolve the vast majority of their disputes. Two issues remain.

      First, the CFTC is seeking the production of all communications between Defendants and Doug Hays for the period of 2015 to present that are related to Decadian. Mr. Hays was an independent contractor for Decadian, involved in its day-to-day operations. Defendants have run a rough search of their documents using the term: "'Doug Hays' and decadian". This search results in over 5000 hits, the vast majority of which, at initial glance, appear to be responsive to the CFTC's overbroad document request. The communications include mundane day-to-day operational communications, as would be expected when you request all communications related to the company at which that the individual worked. While Defendants can readily identify the potentially responsive documents, an extensive review of those documents would be required prior to production.

      The issues in this case are incredibly narrow. The CFTC primarily argues that Defendants defrauded investors (which the CFTC inaccurately refers to as customers) by telling them their money would be used for a commodity pool, but, instead, the money was used for business and purported personal expenses.[1] The CFTC also alleges that Defendants failed to properly register with the government as a CPO and an AP of a CPO. The request for all communications

---

[1] In discovery, Defendants have learned that, in interviews that were conducted prior to the filing of the complaint, investors expressly denied the allegations that the CFTC has put forth. Investors told the CFTC that Defendants never made the representations that form the basis for the CFTC's fraud action. One example is enclosed.

233 SOUTH 13TH STREET
1900 U.S. BANK BLDG.
LINCOLN, NE 68508-2095
(402) 474-6900

1207 M STREET
P.O. BOX 510
AURORA, NE 68818
(402) 694-6314

215 MATHEWS STREET
SUITE 300
FORT COLLINS, CO 80524
(970) 221-2637

131 W. EMERSON STREET
HOLYOKE, CO 80734
(970) 854-2264

with Doug Hays is not narrowly tailored to these issues. Defendants asked the CFTC to identify topics or subjects that would involve Doug Hays to narrow the request. The CFTC refused to do so, indicating only that they would agree to a search for communications with Mr. Hays that included the term Decadian. But that is no limitation at all, particularly when many of the communications involving Mr. Hays would have been sent or received by an email address that included "@decadian.com."

Second, the CFTC has requested all communications between Defendants and the Decadian investors related to the Complaint filed in the present action. There is no apparent relevance to these communications to the narrow issues in this case. Beyond that, and practically speaking, the request imposes an undue burden on Defendants. At the onset of these proceedings, counsel collected Defendants' email communications for purposes of discovery. That collection went through, approximately, the date of the filing of the Complaint. To respond to this request, Defendants would need to rerun a collection of Defendants' email, process those documents, then search for responsive communications. This process is unnecessary for the marginal, if any, relevance that these limited communications would have to this case.

In an effort to compromise, Defendants collected and produced all text message correspondence between Defendants and the investors through approximately June 2022, which includes communications related to the Complaint. Those text messages reveal that Defendants had oral communications with the investors about the Complaint. They also reveal that many of the investors have actually contributed to a defense fund for Defendants, to defend against the claims that the CFTC purports to bring on behalf of those very same investors. To the extent the CFTC desires to inquire about Defendants' communications with investors after the filing of the Complaint, the CFTC will have the opportunity to ask those investors about the communications during depositions. They can also inquire about the communications during Mr. Svejda's deposition. The CFTC can alternatively issue subpoenas for written communications at the time of investor depositions.

Defendants respectfully request that the CFTC's request for an additional document production that is not tailored to the issues in this case be denied.

Respectfully submitted,

/s/ Adam W. Barney

Adam W. Barney
 For the Firm

Details of the April 16, 2020 Call With █████████

Date of Call:                    April 16, 2020

Time of Call:                    12:15 pm EST to 12:28 pm EST

DOE Staff on the Call:           Glenn Chernigoff and Mike Loconte

Other Party on the Call:         ██████████████████

At approximately 12:15 pm DOE staff called ████████ at ██████████████ to learn about his investment experience with Svejda. Banking records of Svejda indicated that on or about January 13, 2016, ████████ gave Svejda a check for $25,000 made payable to Decadian. A memorandum entry written in on the check contained the words "5 Exec Mem."

This was a follow-up call to ████████ who we called on April 15, 2020. At that time, ████████ was in a doctors' office at an appointment and agreed to speak with us at another time.

Glenn introduced us as being from the CFTC and read him the privacy act warning highlights, explaining that this was a voluntary interview, that he had to be truthful or there could be consequences, that our investigations are confidential but that we may share our findings with other law enforcement agencies.

████████ said that he knew Svejda through his marketing service.

████████ said that Svejda pitched him the idea of Decadian although he could not recall how the conversation came about.

████████ said that Decadian was the commodity part of his business, that his money was not going to be traded (as if in a pool) and that subscribers of Decadian would get buy and sell signals.

████████ said he followed some of Svejda's recommendations but not all through Decadian.

████████ asked us several times about why we were calling and asking about Svejda and Glenn responded that this is part of the normal course of our job and he told ████████ that all statements had to be truthful. ████████ was curious about the voluntary part of the privacy act warning and he and Glenn discussed this to ████████ satisfaction.

████████ said he received no money back, does not know any other investors, does not know what his investment is worth and that he had documents that he could send us, most likely K-1's over the past few years. ████████ gave us his e-mail address: ███████████████████

We thanked ████████ for his time and the call ended.

CFTC-PROD-STD-00008807