# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>              Plaintiff,<br><br>vs.<br><br>TERRY MICHAEL SVEJDA, and CENTURION CAPITAL MANAGEMENT, INC.,<br><br>              Defendants. | 8:21CV311<br><br>ORDER |

      This matter comes before the Court following a telephone conference held with counsel for the parties on October 14, 2022. Plaintiff requested that the Court address "Defendants' ongoing dissemination of false and misleading information to Decadian customers about the CFTC's Complaint in this action, and the integrity of the FCTC attorneys prosecuting this case." Plaintiff requested that the Court impose sanctions and order Defendants to: "(i) retract certain misrepresentations detailed below; (ii) refrain from making any further false and misleading statements to customers; and (iii) prohibit Defendants from using declarations that contain false information as evidence in this litigation." The Court declined to order Defendants to "retract" any statements in the declarations and found it was premature to enter an order prohibiting Defendants from using the declarations. Defendants objected to the Court issuing any order or rulings concerning sanctions without a full opportunity to develop the record and brief the issue. The Court has attached the parties' pre-hearing submissions to this Order.

      Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them, and has authority to sanction a party that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, practices a fraud upon the court, or delays or disrupts the litigation or hampers a court order's enforcement. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33, 44-45 (1991); see also *Wescott Agri-Prod., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012) (The court may invoke its inherent power to "to fashion an appropriate sanction for conduct which abuses the judicial process[.]"). A litigant making patently false or patently misleading statements to customers about the pending litigation is the type of conduct that may be considered sanctionable as abuse of the judicial process or evidence of bad faith, and the Court made clear that Defendants should refrain from making false or misleading statements about

this litigation or to engage in witness tampering. But, the Court did not conclusively determine that Defendants' conduct to date is sanctionable, or that the statements made to customers were in fact false or misleading, and did not otherwise enter a ruling restraining Defendants' conduct. As stated during the call, Plaintiff is given leave to file a motion for sanctions on or before **October 21, 2022**, regarding the matters discussed during the telephone conference and raised in its pre-conference submissions, as it deems necessary.

**IT IS SO ORDERED.**

Dated this 14th day of October, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge