IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | |
| Plaintiff, | 8:21-CV-311 |
| vs. | ORDER |
| TERRY MICHAEL SVEJDA and CENTURION CAPITAL MANAGEMENT, INC., | |
| Defendants. | |

This matter is before the Court on the plaintiff's objection (filing 99) to something ordered, or perhaps not ordered, by the Magistrate Judge yesterday afternoon. The fact that the Court doesn't really know what the Magistrate Judge did, or what exactly the plaintiff is objecting to, goes a long way toward explaining why the plaintiff's objection will be overruled.

The gist of the plaintiff's objection seems to be that a deposition of the plaintiff pursuant to Fed. R. Civ. P. 30(b)(6) is scheduled later today. The plaintiff was first informed of the topics for examination at that deposition by a May 9, 2023 email. Filing 99-2 at 13-14. The plaintiff replied to that email the next morning, indicating that it intended to object to the topics. Filing 99-2 at 24. No objection to adequacy of the notice was asserted, and the plaintiff proposed to meet-and-confer with respect to the topics on May 12. Filing 99-2 at 24. Only at the May 12 meet-and-confer did the plaintiff, apparently, assert an objection based on lack of sufficient notice. *See* filing 99-2 at 27.

The plaintiff emailed the Magistrate Judge yesterday afternoon seeking a protective order, and asking for "the Court's guidance in determining the type

and terms of protection to be ordered in this matter, as deposition discovery also closes on May 16 and Defendants have not requested a further extension of the deposition schedule." Filing 99-2 at 32-33 (quotation and citation omitted). The plaintiff objected to the time it had been afforded to prepare its witness and some of the topics for examination. Filing 99-2 at 33. The defendants opposed the request. *See* filing 99-2 at 34-35. The Magistrate Judge held a telephone conference for over an hour with the parties yesterday, and made rulings and guidance on the record. *See* filing 98. This objection followed, filed at 12:12 a.m. this morning. *See* filing 99.

To begin with, it's not clear from the objection what the Magistrate Judge ordered that the plaintiff finds objectionable. A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). It's hard to conclude that showing has been made where the ruling itself isn't described with any specificity.

True, there is an audio recording of the conference in the Court's record. But the Court isn't persuaded that it's the district judge's obligation to set aside the three sentencing hearings it has scheduled for this morning to listen to an hour and eleven minutes of teleconferencing to figure out what happened. The Court's local rules also oblige a party objecting to a Magistrate Judge's order to "specify . . . the parts of the order or findings and recommendations to which the party objects." NECivR 72.2(a). It's difficult to see how that obligation has been met here. The plaintiff's brief even concludes with this confusing prayer for relief: "For the foregoing reasons, the Court should overrule Defendants' objections and adopt Magistrate Judge Nelson's Order in its entirety." Filing 99-1. The Court assumes that's scrivener's error—it happens to everyone, and

it's excusable—but it illustrates the difficulty the Court has in determining exactly what the plaintiff wants done here.

What the Court can infer, however, is that the plaintiff seems to be objecting to the deposition happening at all, based on inadequate notice. *See* filing 99. The plaintiff's first argument, as the Court understands it, is that a week's notice of the topics to be examined simply isn't enough. *See* filing 99-1 at 4-6. It doesn't help that the plaintiff apparently wasn't worried about the timing of the notice when it was given—only when the parties met to confer on the topics. And what the plaintiff seems to have asked the Magistrate Judge for is a protective order—not quashing the deposition entirely. *See* filing 99-2 at 27; *see generally* Fed. R. Civ. P. 45(d)(3)(A)(i). But more broadly, what the plaintiff doesn't explain is *why* the notice given was unreasonable.

The plaintiff even acknowledges that "'the reasonableness of notice is necessarily case-specific and fact-intensive.'" Filing 99-1 at 5 (quoting *Upsher-Smith Labs., Inc. v. Fifth Third Bank*, Case No. 16-cv-0556, 2018 WL 11424200 (D. Minn. May 23, 2018)). But despite relying on that proposition, what both the plaintiff's objection and its initial grievance to the Magistrate Judge are missing is any explanation of why its witness *in this case* couldn't be prepared to testify *on these topics*. And without that explanation, the Court isn't in a good position to evaluate it. The topics for examination are relatively specific, some even simply referring to documents by Bates numbering. *See* filing 99-2 at 14. The Court lacks the context needed to evaluate how burdensome those topics are or how long it might reasonably take to prepare to address them, and the plaintiff has provided none of that context.

The plaintiff's second argument relies on what it calls a "*Touhy* regulation," 17 C.F.R. § 144.3(b), which provides that "[i]n any proceeding, an employee or former employee of the Commission shall not testify concerning

- 3 -

non-public matters related to the business of the Commission unless authorized to do so by the Commission upon the advice of the General Counsel." There are a handful of problems with this argument, starting with the fact that the plaintiff—by its own admission—didn't assert it to the Magistrate Judge. *See* filing 99-1 at 7 n.2.[1] Furthermore, as the Court understands it, the same witness is prepared to testify today as a fact witness—just not as a 30(b)(6) designee. So, the witness *is* authorized to testify. The plaintiff simply asserts that while testimony as a fact witness is authorized, "a 30(b)(6) witness, however, involves different considerations, and thus specific approval by the Commission is required." Filing 99-1 at 6. But the regulation doesn't say that, nor has any other authority been provided supporting such a distinction. Nor is it obvious—again, given the lack of context—that the matters at issue here are "non-public" within the meaning of the regulation. And finally, while the plaintiff represents that counsel "has been working diligently to secure and expedite this approval since receiving Defendants' Rule 30(b)(6) Notice and the Magistrate Judge's ruling," filing 99-1 at 7, there's no explanation on the record for why a week isn't sufficient for the plaintiff's General Counsel to attend to the matter.[2]

In sum, to the extent the Court can evaluate the plaintiff's arguments and the record, the plaintiff has failed to affirmatively demonstrate that the

---

[1] And, to the extent that the plaintiff is suggesting the defendants didn't provide notice to the General Counsel themselves, *see* 17 C.F.R. § 144.5(a), the Court notes that at no point does the plaintiff seem to have asserted its *Touhy* regulation to the defendants, or suggested that notice to the plaintiff's counsel in this case was insufficient.

[2] The Court recognizes that pursuant to § 144.5(c), the plaintiff's witness may well decide to appear for the fact deposition and "respectfully decline to comply with the demand" for Rule 30(b)(6) examination. What to do if that happens is a matter for the Magistrate Judge.

Magistrate Judge made findings that were clearly erroneous or acted (or failed to act) contrary to law. Accordingly,

> IT IS ORDERED that the plaintiff's objection (filing 99) is overruled.

Dated this 16th day of May, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge