IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

vs.

CENTURION CAPITAL
MANAGEMENT, INC., and TERRY
MICHAEL SVEJDA,

        Defendants.

8:21-CV-311

ORDER

The parties have lodged objections to the plaintiff's deposition designations, defendants' counter-designations, and defendant's "rule of completeness" designations for the depositions of Clint Sonderman, Craig Stegenga, and Scott Prewitt. The Court rules as follows:

### Clint Sonderman

*Defendants' objections*

| | |
|---|---|
| All | Overruled |
| 28:12 | Sustained |
| 29:2-8 | Sustained |
| 34:21-24 | Overruled |
| 37:4-18 | Overruled |
| 47:19-48:17 | Overruled. 48:19-21 should be included. |
| 49:6-11 | Overruled |
| 50:25-51:17 | Overruled |
| 51:19-52:11 | Overruled |
| 56:10-58:04 | Overruled |
| 59:13-60:4 | Overruled |
| 60:6-9 | Overruled |
| 67:20-24 | Overruled |
| 68:02-05 | Overruled |
| 71:8-18 | Overruled |
| 79:03-13 | Overruled |
| 80:1-6 | Overruled |

<table>
<tr><td>80:16-81:02</td><td>Overruled</td></tr>
<tr><td>89:23-90:4</td><td>Sustained</td></tr>
</table>

Craig Stegenga

*Defendants' objections*

| | |
|---|---|
| 48:11-14 | Overruled |
| 50:1-25 | Overruled |
| 51:15-20 | Overruled |
| 52:01-23 | Overruled |
| 56:8-12 | Overruled |
| 56:15-57:9 | Overruled |
| 58:19-59:4 | Overruled |
| 59:24-60:16 | Overruled |
| 64:23-65:24 | Overruled |
| 66:25-67:7 | Overruled |
| 67:19-68:4 | Overruled |
| 76:02-16 & 76:18-78:10 | Overruled |
| 87:13-14 | Overruled. 88:15-16 should be included. |
| 90:2-9 | Overruled |
| 90:17-23 | Overruled |
| 98:10-99:13 | Overruled |
| 107:9-20 | Overruled |

*Plaintiff's objections*

| | |
|---|---|
| 128:16-131:18 | Overruled |
| 132:4-132:17 | Overruled |
| 133:1-134:18 | Overruled |
| 152:23-154:2 | Overruled |
| 154:10-155:3 | Overruled |
| 162:15-162:24 | Overruled |
| 163:2-163:9 | Overruled |
| 172:9-179:6 | **Sustained as to 176:1-24**. Otherwise overruled. |
| 178:9-179:6 | **Sustained as to 178:18-179:6**. Otherwise overruled. |
| 181:25-184:1 | Overruled |
| 204:24-205:6 | Sustained |
| 223:18-223:23 | Sustained[1] |
| 228:7-228:12 | Overruled |

---

[1] This testimony was completely out of context.

<u>Scott Prewitt</u>

*Defendants' objections*

| | |
|---|---|
| 18:15-19:13 | Sustained |
| 21:10-23:2 | Sustained |
| 24:2-25:23 | Sustained |
| 32:2-34:7 | Sustained |
| 41:5-20 | Sustained |
| 45:1-25 | Sustained |
| 47:9-48:17 | Sustained |
| 50:4-24 | Sustained |
| 52:15-53:6 | Sustained |
| 53:18-54:11 | Sustained |
| 58:14-24 | Sustained |
| 66:14-67:11 | Sustained |
| 68:16-69:4 | Sustained |
| 73:13-74:4 | Sustained |
| 74:17-75:16 | Sustained |
| 77:5-22 | Sustained |
| 78:9-20 | Sustained |
| 86:1-23 | Sustained |
| 89:16-90:5 | Sustained |
| 90:7-91:1 | Sustained |
| 92:25-94:11 | Sustained |
| 97:1-101:18 | Sustained |
| 112:15-24 | Sustained[2] |

---

[2] The Court found very little relevant evidence in Prewitt's testimony. The plaintiff's trial brief suggests that Prewitt's testimony is relevant because it will prove that the "Decadian Projections" spreadsheet sent to prospective investors falsely represented that they were "created and endorsed" by Prewitt. Filing 204 at 9. But this is precisely the sort of evidence that the Court discussed in its ruling on the parties' motions in limine, after determining that misrepresentations involving the potential profitability of Decadian were beyond the scope of the pleadings:

> To take a simple example, an hypothetical statement such as "I'll invest your money in a commodity pool for a 200 percent return on investment" would be relevant and admissible to the claim alleged in the plaintiff's complaint. But beyond that, evidence of falsified profit estimates *might* be admissible because it would support an inference that the defendants didn't intend to use the investors' funds for an *actual* investment—evidence that the *features* of the investment vehicle were imaginary might suggest that the *entire* investment vehicle was imaginary, which is the claim the plaintiff pled. But, for instance, extrinsic evidence regarding the potential profitability of the allegedly imaginary investment pools has diminishing relevance on that point, and may well start to run into the Court's obligation under Fed. R. Evid. 403 to limit the adduction of evidence that confuses the issues, misleads the jury, or just wastes time.

IT IS SO ORDERED

Dated this 2nd day of April, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

Filing 209 at 9-10. Having now reviewed such evidence directly, the Court finds that this runs <u>squarely</u> into that obligation. To the extremely limited extent anything in Prewitt's testimony might support an inference that Svejda didn't intend to invest funds in commodity pools as he'd allegedly promised to do, that minimal probative value is substantially outweighed by confusing the issues, delaying the proceedings, and wasting time. *See* Rule 403.