IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

vs.

CENTURION CAPITAL
MANAGEMENT, INC., and TERRY
MICHAEL SVEJDA,

        Defendants.

8:21-CV-311

MEMORANDUM AND ORDER

    This matter is before the Court on an evidentiary issue related to plaintiff's Exhibit 529, intended to attack defendant Terry Svejda's character for truthfulness. The defendants have objected to Exhibit 529. This exhibit is a recording of a phone call between Svejda and an R.J. O'Brien employee. The Court has listened to the recording. In it, Svejda claims that he is Alex Zorab, and he asks questions about Zorab's trading account.

    Fed. R. Evid. 608(b) clearly states that "extrinsic evidence is not admissible to prove specific instances of a witness' conduct in order to attack or support the witness's character for truthfulness." The plaintiff argues that under Rule 607, it is permitted to attack the plaintiff's credibility, and under 608(b), it may inquire about prior dishonest acts. That's true, and the Court permitted the plaintiff to question Svejda about his alleged dishonest act.

    But Svejda denied the act. Neither Rule 608(b), nor any other rule of evidence, nor any caselaw cited by the plaintiff (*see* filing 168 at 26), permits playing the phone call to the jury to prove a specific instance of dishonest conduct. Rule 608(b), in fact, expressly *precludes* such extrinsic evidence. The

plaintiff's caselaw only supports that it may treat Svejda as an adverse witness and may ask him leading questions on direct. *See* filing 168 at 26 (citing *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003, 2023 WL 36174, at *7 (D. Minn. Jan. 4, 2023) (quoting *Alpha Display Paging, Inc. v. Motorola Comm'ns & Elecs., Inc.*, 867 F.2d 1168, 1171 (8th Cir. 1989))). Those cases certainly do not allow the introduction of extrinsic evidence barred by Rule 608(b). Nor is that surprising, given the plain text of Rule 608(b) and the plethora of uncited caselaw saying precisely the opposite: "In inquiring about the witness's conduct, the questioner must take the answer provided by the witness and cannot use extrinsic evidence to prove that the specific bad acts occurred." *United States v. Grandison*, 781 F.3d 987, 992 (8th Cir. 2015); *see also, e.g.*, *United States v. Goings*, 313 F.3d 423, 427 (8th Cir. 2002); *Miller v. United States*, 135 F.3d 1254, 1256 (8th Cir. 1998); *United States v. LeCompte*, 108 F.3d 948, 951 (8th Cir. 1997); *United States v. Martz*, 964 F.2d 787, 789 (8th Cir. 1992); *United States v. Burchinal*, 657 F.2d 985, 994 (8th Cir. 1981); *United States v. Powers*, 622 F.2d 317, 324 n.10 (8th Cir. 1980).

The plaintiff argues that this issue is not collateral or extrinsic. It is true that "Rule 608(b) does not apply to extrinsic evidence that is offered to impeach a witness's testimony *on a material issue*." *Foster v. Gen. Motors Corp.*, 20 F.3d 838, 839 (8th Cir. 1994) (emphasis supplied). But this runs into the Court's earlier ruling about the specific fraud pled by the plaintiff. *See* filing 209 at 9.

The plaintiff alleges that Svejda promised to invest pool participant funds in a particular way, but actually used them for something else. *Id.* (citing filing 1 at 13). Evidence that Svejda allegedly improperly traded commodity futures on behalf of a different person is "fundamentally different" than the plaintiff's claims. *Id.* The Alex Zorab issue is collateral because it is not directly related to any other issue in this case, such as whether Decadian operated as

a commodity pool, whether the defendants failed to register in accordance with the Commodity Exchange Act, or whether the defendants falsely promised to invest Decadian money into commodity pools and misappropriated Decadian's money. The Alex Zorab issue is simply collateral to the fraud and compliance violations placed at issue in the pleadings in this case. Extrinsic evidence, such as a phone call of collateral acts, is not permitted. Rule 608(b).

The plaintiff may make the inquiry about other dishonest acts. Rule 608(b). It did. The witness denied the dishonest act. The inquiry is over, and the plaintiff may not introduce extrinsic evidence that Svejda pretended to be Alex Zorab on the phone.

IT IS ORDERED that the defendant's objection to Exhibit 529 is sustained.

Dated this 4th day of April, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3